IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irvin Donavan Anglin,<br><br>   Petitioner,<br><br>v.<br><br>United States of America,<br><br>   Respondent. | No. CV-22-00110-PHX-JJT (JFM)<br>No. CR-20-00625-PHX-JJT<br><br>**ORDER** |

   At issue is the Report and Recommendation (Doc. 29, sealed, "R&R") submitted in this matter by United States Magistrate Judge James F. Metcalf, recommending the Court deny Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 12) for lack of merit. The R&R also recommends the Court deny Petitioner's Motion for Evidentiary Hearing (Doc. 20, sealed). Petitioner timely filed Objections (Doc. 30), which the Court has considered.

   In the R&R, Judge Metcalf diligently studied what Petitioner had set forth as five grounds for relief and correctly concluded that Petitioner actually had raised 13 grounds organized as subparts of the five "umbrella" grounds Petitioner had stated, some of which were wholly or partially duplicative of others. Judge Metcalf nonetheless isolated each ground, separately analyzed it under applicable law and provided his recommendations as to each. In his thorough and exhaustive 40-page R&R, Judge Metcalf patiently corrected substantial factual misstatements and misstatements about the applicable law and concluded that none of the 13 grounds that Petitioner raised succeeded on the merits. After

independent review, the Court will adopt Judge Metcalf's R&R in whole, including his analysis and conclusions.

Petitioner's Objections miss the mark on all grounds. Several of those objections—wherein he simply labels Judge Metcalf's reasoning or conclusions "PERJURY," stating "the Court is allegedly lying" (Doc. 30 at 2, sealed); or "SLANDER," commenting that Judge Metcalf's conclusion "is completely unacceptable Court bias" (Doc. 30 at 8, sealed); or "FALSE CLAIM by the Court" (Doc. 30 at 1, 9, sealed)—fail to address any purported substantive error by Judge Metcalf, instead favoring needless personal attacks. Other objections, such as those where Petitioner argues "MISREPRESENTATION OF EVIDENCE OF RECORD"[1] (Doc. 30 at 7); "PREJUDICIAL PREJUDICE" (Doc. 30 at 7, sealed); or "ASKED AND ANSWERED" (Doc. 30 at 9, sealed), are simply inapposite to the issues before the Court and fail to direct it to any potential misapprehensions of fact or errors of law.[2]

Where Petitioner objects to the R&R's conclusions as "illogical" or "invalid" arguments, or conclusions that are contradicted by other evidence arguments, the Court is far better able to discern the points Petitioner is trying to make. However, on close

---

[1] This particular objection illustrates a failure to grasp the applicable procedural law, in that the misrepresentation Petitioner complains about is Judge Metcalf's "unauthorized use" of what Petitioner styles "private documents." (Doc. 30 at 7, sealed.) The "private document" at issue is an email Petitioner sent to his counsel during the pendency of his criminal case explaining his "Backstory," which Petitioner included as an exhibit to his Motion for Evidentiary Hearing in the instant matter. (Doc. 20-1, Exh. R-I, sealed.) Petitioner has placed a thin handwritten "X" over all but two paragraphs of the nearly three-page email, but the entire email is easily readable. ███████████████████████████████████████████████████████████████ Petitioner takes the position that although he provided this document to the Court in support of his motion for a hearing, Judge Metcalf's use of a statement Petitioner put a line through renders his conclusion on the point invalid. That is simply incorrect. "[W]hen [the privilege holder's] conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not. He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or disclose, but after a certain point his election must remain final." *Weil v. Investment/Indicators, Research. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (internal citations and quotations omitted).

[2] For example, the evidentiary objection "asked and answered" might be appropriate in a trial or hearing where the Federal Rules of Evidence apply, but in the context of federal habeas proceedings, it is meaningless.

examination of those objections on the merits, the each ultimately fails. As the Court noted above, Judge Metcalf's R&R was exhaustive and meticulous, going through each of Petitioner's arguments point by point. The Court will not repeat those detailed analyses, having incorporated them into this Order. It will simply observe that Petitioner's discernable and comprehensible objections ultimately all consisted of self-serving and conclusory statements that failed to engage the findings Judge Metcalf had made, all of which center on the record, that Petitioner's counsel in the criminal matter was not ineffective within the meaning of *Strickland*. The text of the plea agreement Petitioner signed, the transcript of his change of plea hearing before Magistrate Judge Burns, the affidavit of Petitioner's defense counsel,[3] and the emails Petitioner provided the Court in support of his Motion for Evidentiary hearing, all make clear that counsel communicated with and advised Petitioner on the issues Petitioner now urges otherwise, and Petitioner's plea was knowing.

**IT IS ORDERED** overruling Petitioner's Objections (Doc. 30, sealed) and adopting in whole Judge Metcalf's R&R (Doc. 29, sealed).

**IT IS FURTHER ORDERED** denying the Amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 12) for lack of merit on all grounds raised.

**IT IS FURTHER ORDERED** denying the Motion for Evidentiary Hearing (Doc. 20, sealed).

---

[3] Similar to his misunderstanding of the consequences of furnishing to the Court emails between him and his counsel, Petitioner argues in his Objections that Judge Metcalf wrongly relied on his counsel's affidavit to the Court; Petitioner urges the affidavit is "inadmissible" for purposes of deciding his Petition. He is incorrect. The Court entered an Order expressly granting Respondent's motion for a declaration that the attorney client privilege in the underlying criminal representation of Petitioner was waived with regard to Petitioner's claims of ineffective assistance "only in this proceeding and only to adjudicate "the remaining ineffective assistance claims. (Doc. 11 at 5.) This was appropriate because, as Judge Metcalf observed, "[a] person placing their communications with counsel at issue in a proceeding generally must waive the attorney-client privilege to the extent necessary to permit a fair resolution of the proceeding." (Doc. 11 at 2.) Petitioner placed those communications in issue when he alleged in his Petition that Mr. Lopez's representation was ineffective for failure to communicate any number of issues, occurrences and advice to him. And Judge Metcalf's Order was tailored to those limited circumstances, as was Mr. Lopez's declaration.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability in this matter upon a finding that jurists of reason would not find the Court's assessment of the constitutional claims debatable or wrong.

Dated this 27th day of July, 2023.

Honorable John J. Tuchi
United States District Judge